The **NORTHERN TRUST COMPANY**,
Plaintiff–Appellee,

v.

**COMMUNITY BANK**,
Defendant–Appellant.

No. 88–5767.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 1989.

Decided April 25, 1989.

Holly J. Fujie, Rosen, Wachtell & Gilbert, Los Angeles, Cal., for defendant-appellant.

Robert M. Westberg, Pillsbury Madison & Sutro, Los Angeles, Cal., Joseph A. Hearst, Pillsbury Madison & Sutro, San Francisco, Cal., for plaintiff-appellee.

Andrew J. Valentine, Asst. Gen. Counsel, The Northern Trust Co., Chicago, Ill., of counsel.

Before SCHROEDER, FLETCHER and TROTT, Circuit Judges.

SCHROEDER, Circuit Judge:

The plaintiff in this action is the beneficiary of a letter of credit issued by West Coast Bank, a bank which was put into FDIC receivership before the expiration of the letter of credit. After the FDIC refused to honor West Coast Bank's obligations on the letter, the plaintiff filed this action against the bank that had confirmed the letter of credit, defendant Community Bank.

A question of first impression in this case arises under the provisions of the Uniform Commercial Code and the International Chamber of Commerce's Uniform Customs and Practices for Documentary Credits (UCP) concerning the roles of issuing and confirming banks and the obligations of the banks and the beneficiaries. The question is whether those provisions mean as a matter of law that the confirming bank must honor the letter of credit only if the beneficiary makes a presentment to the confirming bank, in addition to the issuing bank, before the expiration date of the letter of credit. The district court held that those provisions impose no such duty on the beneficiary. We affirm.

The background facts are as follows: On December 10, 1981, the Northern Trust Company received an irrevocable standby letter of credit for $66,000 from West Coast Bank of Encino. The letter of credit provided that "[t]his Letter of Credit is available by your drafts at sight on West Coast Bank, Encino, California ..." On December 15, 1981, Community Bank wrote to Northern Trust to inform Northern Trust that it had confirmed the letter of credit, stating simply "[w]e confirm this letter of credit." The letter of credit carried an expiration date of December 31, 1985.

On April 27, 1984, West Coast was declared insolvent and placed under the receivership of the FDIC. On November 1, 1985, Northern Trust presented its sight draft, the original letter of credit and supporting documents to West Coast for payment. Northern Trust was then informed that West Coast was in receivership. In the following weeks Northern Trust made repeated demands upon West Coast either to pay the letter of credit or to return the documents. On January 6, 1986, the FDIC wrote to Northern Trust and stated that it would not honor the letter of credit.

On February 19, 1986, Northern Trust demanded payment on the letter of credit from Community Bank. On March 4, 1986, Community Bank informed Northern Trust that it would not honor the letter of credit because Northern Trust had not made a timely demand for payment. Northern Trust filed suit in the district court on April 30, 1987 for wrongful dishonor of its letter of credit. Northern Trust moved for summary judgment, which the district court granted.

The district court found that Community Bank's confirmation of the letter of credit constituted an undertaking by Community Bank to make payment, provided that Northern Trust complied with the terms of the letter. The letter called for payment by Community Bank if timely demand was made upon West Coast. As the district court further found, there was no provision in the letter of credit which required Northern Trust to make any separate, independent presentment of the draft, letter of credit and supporting documents to Community Bank. The district court concluded that, as Northern Trust had fully complied with the terms of the letter of credit by making timely presentment to West Coast, Community Bank was obliged to pay the draft.

In arguing on appeal that it was not obligated to pay on the letter of credit in the absence of an independent timely presentment to Community Bank, Community Bank relies on California Commercial Code section 5107(2), which provides:

A confirming bank by confirming a credit becomes directly obligated on the credit to the extent of its confirmation as though it were its issuer and acquires the rights of its issuer.[1]

That provision, however, is silent as to any requirement of independent presentment. Community Bank would like us to interpret section 5107(2) to mean that Community Bank, in acquiring "the rights of its issuer" somehow acquired the right to insist upon an independent presentment. Since presentment was made to West Coast Bank in accordance with the terms of the letter of credit, however, West Coast Bank had no right to insist on further presentment, and Community Bank could not succeed to a non-existent right.

The letter of credit stated that it was subject to the International Chamber of Commerce Uniform Customs and Practices for Documentary Credits (UCP). Community Bank also relies on Article 3(b) of the UCP which provides:

> [W]hen an issuing bank authorizes or requests another bank to confirm its irrevocable credit and the latter does so, such confirmation constitutes a definite undertaking of the confirming bank in addition to the undertaking of the issuing bank, provided that the terms and conditions of the credit are complied with.

UCP, Article 3(b). That provision, however, does no more than require that the beneficiary comply with the terms and conditions of the letter of credit.

None of the cases touching upon either of these provisions suggest that they require independent presentment to a confirming bank as a matter of law. What is clear is that the banks can contractually require independent presentment by including such a requirement in the terms of the letter of credit and confirmation documents themselves. In *Barclays Bank v. Mercantile National Bank*, 481 F.2d 1224 (5th Cir.1973), for example, an independent presentment was made to the confirming bank because such presentment was required by the terms of the confirmation. The confirmation in that case provided:

"We hereby confirm the letter of credit and undertake to honor any drafts presented *to us* on or before expiration date of the letter of credit...." *Barclays Bank*, 481 F.2d at 1227 n. 3 (emphasis added). *See also* H. Harfield, *Bank Credits and Acceptances* 324–25 (5th ed. 1974) (forms for confirmed irrevocable credits which allow the parties to specify a requirement of independent presentment). The parties in this case could have specified a requirement of presentment to the confirming bank, but they did not do so. In the absence of such a contractual agreement, independent presentment is not required. This principle is fully consistent with the provisions of the UCC and the UCP.

Because the parties in this case did not provide for a requirement of timely presentment to the confirming bank, all that was required of the beneficiary was compliance with the presentment terms of the letter of credit, i.e., timely presentment to West Coast Bank. This was done.

AFFIRMED.

---

**1.** Cal.Comm.Code § 5107(2) is identical to Uniform Commercial Code § 5–107(2).